# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSE O. JOHNSON, JR.,** : | CIVIL ACTION NO. 1:08-CV-2186 |
| **Petitioner** : | |
| : | (Judge Conner) |
| v. : | |
| : | |
| **FRANKLIN J. TENNIS,** *et al.*, : | |
| **Respondents** : | |

## ORDER

AND NOW, this 11th day of May, 2009, upon consideration of *pro se* petitioner's motion (Doc. 39) to rescind the order of court (Doc. 34) dated April 28, 2009, wherein petitioner's motion to strike (Doc. 29) was deemed withdrawn without prejudice,[1] (see Doc. 34), and the court concluding that petitioner identifies no manifest errors of law or fact in support of his motion (Doc. 39) to rescind, see Harsco Corp. v. Zlotniki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . ."); see also Max's Seafood Café by Lou-Ann, Inc. v.

---

[1] Petitioner's motion (Doc. 29) to strike was withdrawn without prejudice because petitioner failed to comply with the local rules of court requiring that each motion be accompanied by a brief in support thereof. (See Doc. 34); L.R. 7.5 (requiring that "[w]ithin ten (10) days after the filing of any motion . . . , the party filing the same shall file a brief in support of the motion"). If petitioner wishes to pursue the merits of his motion (Doc. 29) to strike, he may simply refile it in accordance with the court's rules.

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), it is hereby ORDERED that the motion (Doc. 39) to rescind the order of court (Doc. 34) dated April 28, 2009 is CONSTRUED as a motion for reconsideration, and is DENIED as so construed.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge