# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSE O. JOHNSON, JR.,** | : | CIVIL ACTION NO. 1:08-CV-2186 |
| Petitioner | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **FRANKLIN J. TENNIS,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 30th day of July, 2009, upon consideration of *pro se* petitioner's motion (Doc. 48) to strike respondents' answer (Doc. 17) and amended motion (Doc. 26) to dismiss for fraud and perjury, wherein petitioner continues to claim that he has not been served with accurate pleadings,[1] and it appearing that

---

[1] This is petitioner's third motion to strike the entirety of respondents' pleadings for alleged fraud. (See Docs. 24, 42, 48.) The crux of petitioner's complaint is that he was not served with a complete copy of respondents' first motion (Doc. 16) to dismiss, and that the answer (Doc. 17) that respondents served upon petitioner is materially different from that which appears on the docket. The court has addressed petitioner's concerns on several prior occasions. (See, e.g., Docs. 25, 45.) On March 23, 2009, the court ordered respondents to file an amended motion to dismiss, (see Doc. 25); after respondents complied with this order, the court denied respondents' first motion (Doc. 16) to dismiss. (See Doc. 27.) When petitioner continued to claim that he had not been served with the amended motion (Doc. 26) to dismiss, the court extended the time within which petitioner was to oppose the motion, and instructed the clerk of court to serve petitioner with the appropriate document. (See Doc. 45.) Therefore, petitioner has been served with the amended motion to dismiss on at least two occasions by two separate entities. Petitioner nonetheless continues to claim that he has not been served with a copy of the amended motion to dismiss. (See Doc. 49 ¶ 16.) This assertion is curious, however, considering that petitioner filed a brief in opposition to the motion on July 13, 2009, which contained direct responses to each of the numbered paragraphs contained in the amended motion to dismiss. It is thus clear to the court that petitioner has obtained a copy of the amended motion, and that he has

petitioner's contentions have been addressed by the court and rectified, (See Docs. 25, 45), it is hereby ORDERED that petitioner's motion (Doc. 48) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

appropriately responded to the amended motion. To the extent that petitioner's complaint is focused upon the timing of respondents' service, his grouse is irrelevant. The court has afforded petitioner multiple extensions within which to address the petition's merits. Finally, petitioner appears to contend that respondents served him with an answer to the habeas petition that was different from that which was filed with the court. (See Doc. 49 ¶ 9.) However, petitioner has not only filed a traverse responding to the answer, (see Doc. 30), but has attached an accurate copy of the answer as an exhibit to his motion (Doc. 48) to strike, (see Doc. 49, Ex. 2.) Therefore, it is apparent that he was not only served with the answer, but that he has addressed respondents' arguments on the merits.
     In short, the merits of the above-captioned petition—as well as the amended motion to dismiss—have been fully briefed and are ripe for disposition. It is time for this litigation to move forward.