# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSE O. JOHNSON, JR.,** | : | **CIVIL ACTION NO. 1:08-CV-2186** |
| Petitioner | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **FRANKLIN J. TENNIS,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 3rd day of August, 2009, upon consideration of *pro se* petitioner's motion (Doc. 51) to direct the Penna Department of Corrections at SCI Rockview to cease and desist obstructing his access to the courts, wherein petitioner claims that officials at the state correctional institution at Rockview ("SCI Rockview") refused to provide him with postage for six pieces of legal mail, and it appearing that the mail for which petitioner sought delivery pertains to two unrelated matters currently pending in state court, and that the alleged

obstructions have no relation to the above-captioned habeas litigation,[1] it is hereby

ORDERED that petitioner's motion (Doc. 51) is DENIED.

      S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

---

[1] Petitioner attempts to raise a First Amendment access to the courts claim by way of the instant motion. However, habeas petitioners may not appropriate the habeas process to litigate unrelated constitutional torts. Under the Prison Litigation Reform Act, such claims must be presented through the prison's administrative grievance process. See 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 532 (2002). There is no indication that petitioner has attempted to address the instant allegations through SCI Rockview's grievance procedure; accordingly, his First Amendment claims are precluded from federal-court review, see Woodford v. Ngo, 548 U.S. 81, 93-94 (2006).