# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSE O. JOHNSON, JR.,** : | **CIVIL ACTION NO. 1:08-CV-2186** |
| Petitioner : | |
| : | **(Judge Conner)** |
| v. : | |
| **FRANKLIN J. TENNIS and** : | |
| **ATTORNEY GENERAL OF** : | |
| **PENNSYLVANIA,** : | |
| Respondents : | |

## ORDER

AND NOW, this 9th day of November, 2009, upon consideration of the petition (Doc. 1) for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 on December 4, 2008, wherein petitioner seeks to collaterally attack a state-court judgment that became final on June 6, 2005, (see Doc. 15 at A3, A6), and respondents' motion (Doc. 26) to dismiss the petition as untimely, and it appearing that petitioner did not directly appeal this state-court judgment, and made no attempt to challenge the judgment until March 12, 2008, when he filed a petition for writ of habeas corpus in the York County Court of Common Pleas, (see Doc. 2, Ex. 3; Doc. 15 at A8), and it further appearing that petitioner offers no explanation for his failure to pursue a direct appeal of his conviction, (see Doc. 1 at 3), and the court recognizing that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a habeas corpus petition pursuant to § 2254, see 28 U.S.C. § 2244(d), that this one-year period is triggered on "the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review,"[1] § 2244(d)(1)(A), and that the one-year period in the above-captioned matter therefore expired on June 6, 2006,[2] and the court concluding that equitable tolling is not appropriate to the matter at hand,[3] see Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (explaining that equitable tolling is applicable only if the petitioner "has in some extraordinary way been prevented from asserting his or her rights"), it is hereby ORDERED that:

---

[1] In certain instances, the statute of limitations period may begin to run on the date on which an impediment to filing was removed, the date on which the United States Supreme Court initially recognized the constitutional right asserted in the application, or the date on which the factual predicate of the claim could have been discovered through due diligence. See § 2244(d)(1)(B)-(D). Petitioner neither identifies an impediment to seeking earlier relief, nor does he claim to have recently discovered a relevant factual predicate entitling him to a writ. Furthermore, petitioner does not assert rights under a recently-recognized constitutional right. Thus, the limitations period was triggered on the date that the state-court judgment became final: June 6, 2006. See § 2244(d)(1)(A).

[2] Petitioner recognizes the untimeliness of the relief that he presently seeks, but "den[ie]s that time expired since the instant petition is an appeal of a timely filed State Habeas Corpus, and is an exception to any bars or defaults under said section." (Doc. 31 ¶ 6.) Petitioner offers no authority for this assertion, which is, in fact, incorrect. Although the statute of limitations may be tolled pending disposition of a collateral attack in the state courts, see 28 U.S.C. § 2244(d)(2), petitioner did not file such a motion until well after the statute of limitations expired. Therefore, his § 2254 petition was time-barred before he ever sought habeas relief through the state courts.

[3] "[E]quitable tolling is proper only when the principles of equity would make rigid application of a limitation period unfair . . . . Mere excusable neglect is not sufficient." Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (enumerating three situation appropriate for equitable tolling, none of which is applicable here). Petitioner has offered no persuasive justification to excuse the untimeliness of his filing, especially in light of AEDPA's strict timeliness requirements.

1. Respondents' motion (Doc. 26) to dismiss the petition (Doc. 1) for writ of habeas corpus is GRANTED and the petition (Doc. 1) is DISMISSED as untimely. See 28 U.S.C. § 2244(d).

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(1).

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge